UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 7:12-105-KKC

NVZ CAPITAL, LLC,                                                              PLAINTIFF,

V.             **MEMORANDUM OPINION & ORDER**

HOBERT GENTRY, ET AL.,                                                    DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

Defendants Hobert Gentry and Ashley Wagner have filed a motion to dismiss Plaintiff's Complaint for failure to state a claim on which relief may be granted. (R. 11). Plaintiff, NVZ Capital LLC ("NVZ") has filed a motion to dismiss (R. 16) a counterclaim brought by Bryan Wagner and Triton Energy Coal, Inc. ("Triton"). For the following reasons, the court will grant Gentry and Wagner's motion to dismiss (R. 11) and deny NVZ's motion as moot. (R. 16).

NVZ, a Nevada Limited Liability Company managed by Daniel W. Bunn, invests in coal mining ventures. R. 1 at 3. According to the Complaint, in March 2012, the defendants invited NVZ to invest $250,000 in a venture involving "a large tract of top-quality coal producing property" that could be leased for mining. On April 16, 2012, NVZ wired the money to a bank account held by Triton. NVZ alleges that afterward, Defendants refused to provide NVZ with any information regarding its investment. In September 2012, NVZ brought the present action against the defendants alleging fraud, misrepresentation, conversion, and conspiracy.

The pleadings in this case reflect a history of business dealings among the parties to the action. For example, in their third party complaint, Wagner and Triton allege that the $250,000 NVZ transferred in April, 2012 was not an investment, but was in reality a payment for services Triton had previously performed for KYZ Red Oak Resources LLC ("Red Oak"), a company

1

owned and operated by Daniel Bunn.  *See* R. 12.  Further, in alleging that Red Oak and NVZ are Daniel Bunn's alter egos, Wagner and Triton ask this Court to pierce both corporate veils so that Bunn may be held personally accountable as to their claims.  In response, Red Oak filed a counterclaim against Wagner and Triton alleging that they wrongfully diverted 75 truckloads of coal from a Red Oak.  Red Oak seeks damages against Wagner and Triton for fraud, misrepresentation, conversion, civil conspiracy, breach of contract, unjust enrichment.  *See* R. 17.  Red Oak has also filed a third party complaint against Hobert Gentry and Roxana Transport alleging that they conspired with Wagner and Triton others to steal the 75 truckloads of coal from Red Oak.  *See* R. 20.

On October 15, 2012, Defendants Hobert Gentry and Ashley Wagner filed a motion to dismiss NVZ's original Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against them upon which relief may be granted.  In support of their motion, Gentry and Wagner argue that NVZ has failed to plead fraud with the particularity required by Fed. R. Civ. P. 9(b).

Because claims based on fraud pose a "high risk of abusive litigation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n. 14 (2007), a party making such allegations "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The court must consider this particularity requirement in light of Fed. R. Civ. P. 8(a), which requires only a "short and plain statement" to provide the defendants with fair notice of the substance of plaintiff's claims.  A plaintiff must allege, at a minimum, "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *United States ex rel Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 643 (6th Cir. 2003)(internal citations omitted).  To survive a motion

to dismiss, these facts, accepted as true, must state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint falls woefully short of satisfying this standard as to Gentry and Ashley. In its complaint, NVZ alleges that in March 2012, the "defendants" allegedly proposed that if it provided a $250,000 investment of capital, it would become a 50% owner of a business venture, which would be actively managed by Gentry and Ashley. NVZ asserts that the defendants representations were false and that it lost money because of its reliance on them. Gentry and Wagner, however, correctly argue that NVZ's collective reference to the defendants as a group invalidates the claim. In support of this argument, they cite *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1380 (11th Cir. 1997). Although this Court is not bound by Eleventh Circuit case law, the Brooks decision is consistent with the intent of Rule 9(b) which requires plaintiffs who claim they've been defrauded to set forth the particulars of their claims including the identity of those accused. Because NVZ has failed to plead fraud with particularity as to Gentry and Wagner, its claims against them must fail.

In its response to Gentry and Wagner's motion to dismiss, NVZ argues that if this Court finds the complaint deficient as to Gentry and Wagner, it should be given the opportunity to correct the deficiencies. R. 18. The civil rules counsel liberal amendment of pleadings, particularly in the early stages of litigation when there is the least likelihood of prejudice to any party. Therefore, on its own motion, this Court will grant NVZ leave to amend its complaint on all claims as to Gentry and Wagner.

NVZ has filed a motion to dismiss (R. 16) a counterclaim filed by Bryan Wagner and Triton. This motion is denied as moot because Wagner and Triton timely filed an amended counterclaim (R. 23) within the twenty-one day window permitted by Fed. R. Civ. P. 15(a)(1).

For the reasons stated,

**IT IS ORDERED** that the motion to dismiss (R. 11) is **GRANTED**. The complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint that comports with Fed. R. Civ. P. 9(b) within fourteen (14) days of the entry of this order.

**IT IS FURTHER ORDERED** that NVZ's motion to dismiss the counterclaim (R. 16) is **DENIED AS MOOT**.

Dated this 11th day of February, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge